UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAN BOZMAN, ET AL.                                CIVIL ACTION NO. 06-0810

versus                                            JUDGE HICKS

SHREVEPORT DOCTOR'S                               MAGISTRATE JUDGE HORNSBY
HOSPITAL 2003, LTD., ET AL.

**MEMORANDUM ORDER**

Schindler Elevator Corporation removed this case based on an assertion of diversity jurisdiction. Plaintiffs and Schindler allege that Plaintiffs are citizens of Louisiana. The court ordered that Schindler file an Amended Notice of Removal to clarify the citizenship of Schindler and co-defendant Shreveport Doctor's Hospital 2003, Ltd. ("Hospital"). Schindler has supplemented its notice of removal to specifically plead both its state of incorporation (Delaware) and its principal place of business (New Jersey).

The court's order observed, with respect to Hospital, that Plaintiffs had described Hospital in their petition as a foreign *partnership* but Schindler had pleaded in its notice of removal that Hospital is a foreign *corporation*. The court pointed out that the Louisiana Secretary of State's corporations database indicates that Hospital is a non-Louisiana partnership. Schindler, as the removing party, was instructed to determine and plead with specificity the legal nature of Hospital and its citizenship.

Schindler has since twice supplemented its notice of removal (Docs. 14 & 17). Both supplements refer to Hospital as a foreign *corporation* but proceed to identify *partners* in the entity, suggesting that Hospital is a partnership. The rules for determining the citizenship of

a corporation and a partnership are, for diversity purposes, quite different. Based on the identification of partners in Hospital and the indication on the Secretary of State's website, the court will assume that Hospital is a partnership and that Schindler's repeated references to Hospital as a corporation are mistakes.

The Supreme Court held in Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990) that diversity of citizenship when a limited partnership is a party is determined by considering the citizenship of each partner, both limited and general. Neither the state of organization nor principal place of business is relevant. Schindler represents that it has learned from Hospital that the partners in Hospital are Perry Mound Trust; LeBlanc Family Investments; Dahm LP; and Shreveport GP, LLC.

Although the Supreme Court has not addressed the issue of multi-tiered partnerships or other unincorporated associations, the lower courts have consistently held that when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. See, e.g., Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002) and Hicklin Engineering, LLC v. Bartell, 439 F.3d 346 (7th Cir. 2006) (court "needs to know each member's citizenship, and if necessary each member's members' citizenships"). Tracing the layers of citizenship is often complex in multi-tiered entities, but the difficulty of the task has not persuaded the courts to afford different treatment to multi-tiered entities, even when some of the lower-tiered entities have

thousands of limited partners who acquire their interests through public trading. Masion v. Liberty Mutual Ins. Co., 2006 WL 1675378 (W.D. La. 2006) (collecting cases).

Schindler has identified the various partners and members in the four Hospital partners, and it has alleged the "legal residence" of those persons. It is domicile rather than mere residence that is relevant to determining citizenship for diversity purposes, Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310, n. 2 (5th Cir. 2002), but the court will accept the "legal residency" allegation to indicate Schindler's intent to allege domicile and, therefore, citizenship.

All but one of the individual members or partners in the four non-corporate entities who are partners in Hospital are alleged to be citizens of Texas. One of individuals, however, is alleged to be a citizen of Louisiana. Schindler alleges that Hospital partner LeBlanc Family Investments, LLC is a Texas limited partnership. (That entity's name (LLC) indicates that it is probably a limited liability company rather than a limited partnership as alleged by Schindler, but the rules are the same for determining citizenship when a partnership or LLC is a party.[1]) William LeBlanc is alleged to have a twenty percent interest

---

[1] Most states deem an LLC to be an unincorporated association. See, e.g., La. R.S.12:1301(10). An unincorporated association is a citizen of each state of which any member is a citizen. Its state of organization and principal place of business are irrelevant. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006); Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51 (1st Cir. 2006); General Technology Applications, Inc. v. Exro Ltd., 388 F.3d 114 (4th Cir. 2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004); Handelsman v. Bedford Village Assocs. L.P., 213 F.3d 48 (2d Cir. 2000); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004);

in LeBlanc Family Investments, LLC, and his domicile is alleged to be Shreveport, Louisiana. Plaintiffs are also alleged to be citizens of Louisiana, so it appears that there is not a basis for this court to exercise diversity jurisdiction, which requires a remand of the case pursuant to 28 U.S.C. § 1447(c).

Before the court takes that final step, considering Schindler's inconsistent allegations regarding the form of the entities at issue and its ambiguous allegation of the individuals' "legal residence" as opposed to domicile or citizenship, Schindler and any other interested party will be permitted until **September 22, 2006** to file a memorandum and attempt to explain why a remand is not required under these circumstances.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 30th day of August, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 694 (7th Cir. 2003); and Standard Aero (San Antonio), Inc. v. Kelly Aviation Center, LP, 2006 WL 504055 (W.D. Tex. 2006).