UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAN BOZMAN, ET AL.      CIVIL ACTION NO. 06-0810

versus      JUDGE HICKS

SHREVEPORT DOCTOR'S      MAGISTRATE JUDGE HORNSBY
HOSPITAL 2003, LTD., ET AL.

**MEMORANDUM ORDER**

Plaintiffs filed this suit in state court. It was removed, and Defendant Schindler Elevator Corp. filed an answer. The court saw no evidence of timely service on defendant Shreveport Doctor's Hospital 2003, Ltd. ("Doctor's Hospital"), so a notice (Doc. 21) was issued that advised Plaintiffs that the claims against Doctor's Hospital would be dismissed for failure to effect timely service unless Plaintiffs demonstrated good cause. See Fed. R. Civ. P. 4(m); Local Rule 41.3W(A). Plaintiffs responded by filing a return that suggests the local sheriff served Doctor's Hospital with a state-court issued citation and a copy of the petition. That service was made in June 2006, which was after the case was removed.

In cases originally filed in state court, but removed to federal court, federal law governs service on defendants after removal. Fed. R. Civ. P. 81(c). To serve a defendant after removal, a new summons must be obtained from the federal court. Even if a plaintiff employs state-law procedures for service pursuant to Fed. R. Civ. P. 4(e)(1), she must serve federal rather than state summons forms. Hittner, Practice Guide: Federal Civil Procedure Before Trial, (5th Cir. Ed.) Chapter 5-A(3) [¶ ¶ 5:14-17]. Thus, any service on Doctor's Hospital that was commenced after removal must employ the federal forms.

Here, however, Plaintiffs represent that they requested service in state court when the petition was filed on March 31, 2006, but the sheriff did not complete service until after the May 2006 removal. There is authority that would consider service valid under 28 U.S.C. § 1448 if it were commenced in state court pre-removal and then completed post-removal. See, e.g., Sampson v. County of Cook, 2004 WL 1879944 (N.D. Ill. 2004); Schmude v. Sheahan, 214 F.R.D. 487 (N.D. Ill. 2003). Although the state-court petition included Plaintiffs' request for service on Doctor's Hospital, the state clerk of court did not actually issue the citation until June 7, 2006, after the case was removed, so even the cited authority might not save the service made in this case. Furthermore, there is some authority that any state court process issued pre-removal becomes null and void on the date the action is removed to the federal court. Beecher v. Wallace, 381 F.2d 372 (9th Cir. 1967). Thus, there is some doubt as to the validity of the service offered by Plaintiffs.

The court has a great deal of discretion to extend the time to effect service. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). Plaintiffs are hereby granted until **January 29, 2007** to file evidence that Doctor's Hospital has waived service or has been properly served in compliance with Fed. R. Civ. P. 4. Valid federal court service will remove all doubt on the issue. If Plaintiffs choose instead to stand on their prior efforts to serve Doctor's Hospital, they should be aware that when service of process is challenged, the serving party bears the burden of proving its validity. Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C, 903 F.2d 1011, 1013 (5th Cir. 1990). And any default judgment Plaintiffs

might obtain based on the state-court service would have to be set aside if it were determined that the service was not valid. Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001).

A defendant such as Doctor's Hospital has a duty to avoid unnecessary costs of service by executing a waiver if the waiver is validly served pursuant to Fed. R. Civ. P. 4(d). A form labeled "Notice of Lawsuit and Request for Waiver of Service of Summons" can be found on the court's website in the "Forms" section. If Plaintiffs deliver a proper request for waiver of service and Doctor's Hospital refuses to execute the waiver, Plaintiffs should proceed with ordinary service and may thereafter file a motion for costs and attorney fees pursuant to Fed. R. Civ. P. 4(d)(5). See Maranto v. Dillard National Bank, 230 F.R.D. 478 (W.D. La. 2005). Of course, Plaintiffs may proceed immediately with ordinary service, which will require a more prompt answer from Doctor's Hospital. Summons forms for ordinary service may also be obtained from the court's website, but they must be completed and returned to the clerk for sealing before the service papers are delivered. See Fed. R. Civ. P. 4(a).

Once Plaintiffs have properly served Doctor's Hospital and either obtained the filing of responsive pleadings or the entry of default, the court will issue a notice setting a scheduling conference. The notice will include the procedures for exchanging initial disclosures and filing a case management report. A trial date and other deadlines will be discussed at the conference.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 1st day of December, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE