UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAN BOZMAN, ET AL                          CIVIL ACTION NO. 06-0810

versus                                                   JUDGE HICKS

SHREVEPORT DOCTORS HOSPTIAL      MAGISTRATE JUDGE HORNSBY
2003 LTD, ET AL

## MEMORANDUM ORDER

Plaintiffs have filed a **Motion for Leave to file Amended Complaint (Doc. 43)** that proposes to add as a defendant the Louisiana Hospital Association Malpractice and General Liability Trust Fund. The Fund is described as domiciled in Louisiana, which is the same state in which Plaintiffs are citizens. The proposed amended complaint alleges in Paragraph 7 that jurisdiction is based on diversity, but the addition of the new defendant would appear to destroy that basis for jurisdiction, and Plaintiffs have not alleged in their pleadings an alternative basis for subject matter jurisdiction. Accordingly, the motion is **denied**. Plaintiffs are granted an extension of the deadline to amend pleadings until **November 14, 2007**. Any motion for leave to amend submitted during that time should (1) include an alternative basis for subject matter jurisdiction, or (2) a memorandum discussing why leave to amend should be granted despite the fact that it would require a remand based on the destruction of diversity. See Local Rule 7.7W and <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987).

Also before the court is a **Motion for Leave to Intervene (Doc. 42)** filed by Liberty Mutual Insurance Company. In a case based on diversity, the complaint in intervention requires diversity between the intervenor and the defendants, so the citizenship of the relevant parties must be set forth affirmatively and distinctly. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). Liberty Mutual alleges that it is a "Delaware corporation authorized to do and doing business in the State of Louisiana." That is insufficient to describe the corporation's citizenship. Liberty Mutual, as a corporation, is a citizen of the state in which it was incorporated (Delaware) *and* the state in which it has its principal place of business. Both states must be set forth with specificity, or the pleading is inadequate to establish diversity. Feaster, supra. Liberty Mutual's motion is **denied**, but it is **granted an extension through November 14, 2007** to file a motion for leave to intervene that properly sets forth a basis for subject matter jurisdiction.

      THUS DONE AND SIGNED at Shreveport, Louisiana, this 1st day of November, 2007.

                                                MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE